# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICHARDSON, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: GD-16-022574 |
| v. | ) | |
| | ) | **COMPLAINT** |
| LANTEK, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Filed on behalf of Plaintiff:
CHARLES RICHARDSON

Counsel of Record for this Party:
Marcus B. Schneider, Esquire
PA I.D. No. 208421
STEELE SCHNEIDER
428 Forbes Avenue, Suite 700
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693/facsimile

**JURY TRIAL DEMANDED**

FILED
17 OCT 11 PM 1:03
DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RICHARDSON, | ) | CIVIL DIVISION |
| Plaintiff, | ) ) ) | |
| | ) | Case No.: GD-16-022574 |
| v. | ) ) | |
| LANTEK, INC. | ) ) | |
| Defendant. | ) ) ) ) | |

### NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers Referral Service
The Allegheny County Bar Association
400 Koppers Building
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHARLES RICHARDSON, | CIVIL DIVISION |
| Plaintiff, | |
| | Case No.: GD-16-022574 |
| v. | |
| LANTEK, INC. | |
| Defendant. | |

## COMPLAINT

Plaintiff CHARLES RICHARDSON, by his undersigned counsel, files this Complaint against Defendant LANTEK, INC. and states the following:

### Parties

1. Plaintiff Charles Richardson is an individual residing in Texas at 6298 Lockhill Road, Unit 605, San Antonio, Texas.

2. Defendant LANtek, Inc. is the fictitious name for Simplified Service Corporation, a Pennsylvania corporation with a registered address located at 791 Commonwealth Drive, Warrendale, Pennsylvania 15086 (referred to hereinafter as LANtek).[1]

### Exhaustion of Administrative Remedies

3. On July 21, 2015, Richardson filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

---

[1] Defendant has advised in its Praecipe for Rule to File Complaint that the proper Defendant is Simplified Service Corporation. Plaintiff intends to file a motion to amend the caption to reflect the proper Defendant.

3

4. Richardson asserted claims of disability discrimination and retaliation.

5. The Pittsburgh Area Office of the EEOC issued a Dismissal and Notice of Rights to Richardson on August 24, 2016.

6. Richardson initiated this case by writ of summons filed November 22, 2016.

**Facts**

7. LANtek hired Richardson as an IT consultant in August 2013.

8. In October 2014, Richardson was diagnosed with lymphoma.

9. After his diagnosis, Richardson informed LANtek of his diagnosis and the treatment options he was considering, which included chemotherapy.

10. Richardson also informed LANtek that he would require surgery in November.

11. Due to his condition, Richardson began to miss a 2-3 hours every two weeks for doctors appointments.

12. In advance of all doctor's appointments that required him to miss work, Richardson informed his supervisor, Christopher Grey, that he would be attending appointments.

13. In late February 2015, Richardson decided to undergo chemotherapy and informed LANtek what his decision would mean for his ability to attend work.

14. Richardson's treatments required him to miss up to a few hours of work occasionally for minor surgeries and appointments, but he was otherwise able to work full time.

15. Richardson requested that LANtek permit him to work from home on the few occasions he had to undergo chemotherapy treatment (as the company did with a number of other employees for a variety of reasons) to accommodate his needs while undergoing this new treatment for his lymphoma.

16. In response, Grey and LANtek's Human Resources Representative Jennifer Fleming told Richardson that he would be permitted to work from home as needed.

17.    However, Richardson was terminated before he could ever work from home while receiving treatment.

18.    Because Richardson's condition required him to receive treatment that necessitated a work from home schedule on occasion, LANtek regarded Richardson as having a disability.

19.    Soon after his request to work from home on occasion, on March 9, 2015, Grey and Fleming called Richardson into a meeting and terminated him.

20.    Grey told Richardson he was being terminated due to his job performance on a job that was completed in October 2013.

21.    Prior to the March 9, 2015 meeting, LANtek had never issued a negative review of Richardson's work performance.

## COUNT ONE - FAILURE TO ACCOMMODATE UNDER AMERICANS WITH DISABILITIES ACT

22.    Richardson provided LANtek with information related to his lymphoma diagnosis and the treatment necessary.

23.    In late February 2015, Richardson provided LANtek with updated information about his treatment and his need to work from home on limited occasions while undergoing the treatment.

24.    Although LANtek initially communicated to Richardson that he would be permitted to work from home as needed while he underwent chemotherapy to treat lymphoma, LANtek effectively refused to accommodate Richardson by terminating him less than one month later and before he ever had the opportunity to work with the requested accommodation.

25.    At the time of his termination, Richardson was regarded as having a disability by LANtek.

26. Through its termination of Richardson, LANtek demonstrated that it regarded Richardson as being unable to to perform his job as an IT Consultant due to his lymphoma and the treatment it required.

27. LANtek frequently permitted employees to work from home as needed.

28. Had Richardson been able to work from home, he would have been capable of adequately performing the essential functions of his job as he had done throughout his entire time at LANtek.

29. LANtek's refusal to accommodate Richardson constitutes unlawful discrimination under the ADA.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and award Plaintiff damages for back pay, compensatory damages, and punitive damages; attorneys' fees; and all other appropriate relief.

## COUNT TWO - DISABILITY DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT

30. As evidenced by its failure to accommodate Richardson and its termination of Richardson for pretextual reasons, LANtek regarded Richardson as having a disability under the ADA.

31. Despite LANtek's view of Richardson's condition, Richardson was able to perform the essential functions of his job with the requested minor accommodations.

32. LANtek's attempt to explain its termination of Richardson by citing a job that was completed nearly two years prior is pretextual and designed merely to cover up its unlawful discrimination against Richardson.

33. Richardson's termination because of the disability LANtek regarded him as having constitutes unlawful discrimination under the ADA.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and award Plaintiff damages for back pay, compensatory damages, and punitive damages; attorneys' fees; and all other appropriate relief.

## COUNT THREE - RETALIATION FOR ACTIVITY PROTECTED UNDER AMERICANS WITH DISABILITIES ACT

34. Richardson engaged in activity protected under the ADA when he requested that LANtek permit him to work from home on a limited basis while he was undergoing treatment for lymphoma.

35. While LANtek indicated it was willing to accommodate Richardson in response to this request, less than a month later and before Richardson had ever been able to avail himself of the requested accommodation, LANtek terminated Richardson without basis, citing his job performance on a job completed nearly two years prior.

36. LANtek became aware of Richardson's lymphoma diagnosis months prior to his accommodation request and employed Richardson continuously during that time.

37. Nearly immediately after Richardson requested an accommodation, however, LANtek terminated Richardson.

38. LANtek's termination of Richardson for his requesting an accommodation violates the ADA.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and award Plaintiff damages for back pay, compensatory damages, and punitive damages; attorneys' fees; and all other appropriate relief.

Respectfully submitted,

_/s/ Marcus B. Schneider_
Marcus B. Schneider, Esquire
PA I.D. No. 208421

STEELE SCHNEIDER
428 Forbes Avenue, Suite 700
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693/facsimile
marcschneider@steeleschneider.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHARLES RICHARDSON, | CIVIL DIVISION |
| Plaintiff, | |
| | Case No.: GD-16-022574 |
| v. | |
| LANTEK, INC. | |
| Defendant. | |

## VERIFICATION

Pursuant to Rule 1024(c) of the Pennsylvania Rules of Civil Procedure, the undersigned verifies that the statements made in the foregoing COMPLAINT are true and correct to the best of my knowledge, information, and belief based upon conversation with and representation of Plaintiff Charles Richardson in connection with this matter and the EEOC matter that preceded it. Plaintiff resides outside of the Commonwealth and his original signature cannot be obtained to be filed with the foregoing COMPLAINT in the time provided for by Defendant's Praecipe for Rule to File Complaint. I understand that false statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_Pittsburgh, PA 15219_  _10/11/17_  _[signature]_
Location                Date           Name

Marcus B. Schneider, Esq.

## CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of the **Complaint** has been served by First-Class U.S. Mail, postage prepaid, this 11th day of October, 2017 upon the defendant as follows:

Stephen A. Antonelli
Babst, Calland Clements and Zomnir, P.C.
Two Gateway Center
Pittsburgh, PA 15222

_____
Marcus B. Schneider, Esq.